JOHN P. KRISTENSEN (SBN 224132)
DAVID L. WEISBERG (SBN 211675)
CHRISTINA M. LE (SBN 237697)
**KRISTENSEN WEISBERG, LLP**
12540 Beatrice Street, Suite 200
Los Angeles, California 90066
Telephone:  310-507-7924
Fax:  310-507-7906
*john@kristensenlaw.com*
*david@kristensenlaw.com*
*christina@kristensenlaw.com*

***Attorneys for Plaintiff and all others similarly situated***

## THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| ADRIAN BACON, on behalf of himself and all others similarly situated,<br><br>          Plaintiff,<br><br>     vs.<br><br>BOX-N-GO, LLC, a California limited liability company; and DOES 1 through 50, inclusive, and each of them,<br><br>          Defendants. | Case No.:<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>(1)   Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*;<br>(2)   Willful Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*; and<br>(3)   Recording of Confidential Information, Cal. *Penal Code* §§ 632, *et seq.*<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff ADRIAN BACON ("Plaintiff" or "Bacon"), on behalf of himself and all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

## NATURE OF THE CASE

1.      Plaintiff brings this action for himself and others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of defendant BOX-N-GO, LLC ("Defendant" or "Box-n-Go") and DOES 1 through 50 (collectively referred to throughout portions of this Class Action Complaint as "Defendants"), in contacting Plaintiff as well as knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff also brings this action in connection with Defendants' practice of recording calls to consumers without having first notified said consumer and/or obtained their consent to have the call recorded, in violation of Cal. *Pen. Code* §§ 632, *et seq*.

## JURISDICTION & VENUE

2.      Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiff, a resident of California, seeks relief on behalf of two (2) Classes of people, which will result in at least one class member belonging to a different state than that of Defendant, a company with its principal place of business in California at 6055B Randolph Street, Commerce, California 90040. Plaintiff also seeks up to $1,500.00 in damages for each text message sent by Defendants in violation of the TCPA, as well as up to $2,500.00 in damages for each phone conversation that was illegally recorded which, when aggregated among two (2) proposed classes in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

3.      Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1391(b) and 1441(a) because Defendant does business within the State of California and County of Orange,

and is therefore subject to personal jurisdiction therein.

**PARTIES**

4.      Plaintiff Adrian Bacon is a natural person residing in the city and County of Orange, California. At the time he received the subject text messages from Defendants, he resided in Anaheim Hills, California, which is also in the County of Orange.

5.      Defendant Box-n-Go is a California limited liability company with its principal place of business at 6055B Randolph Street, Commerce, California 90040. Plaintiff is informed and believes that Box-n-Go conducted and conducts business in Orange County, California. Box-n-Go may be served through its registered agent for service of process, Stan Trakhtenberg at 15080 Rayneta Drive, Sherman Oaks, California 91403.

6.      The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants."

7.      The true names and capacities of the Defendants sued herein as DOES 1 through 50, inclusive, and each of them, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names.  Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein.  Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

8.      Plaintiff does not yet know the identity of Defendants' employees/agents, identified as DOES 1 through 50, that had direct, personal participation in or personally authorized the conduct found to have violated the statute, and were not merely tangentially involved. They are named tentatively, as  numerous District Courts have found that individual officers/principals of corporate entities may be personally liable (jointly and severally) under the TCPA if they had direct, personal participation in or personally authorized the

conduct found to have violated the statute, and were not merely tangentially involved. *Texas v. American Blastfax, Inc.*, 164 F.Supp.2d 892, 899 (W.D. Tex. 2001) ("*American Blastfax*"); *Sandusky Wellness Center, LLC v. Wagner Wellness, Inc.*, 2014 WL 1333472, at * 3 (N.D. Ohio March 28, 2014); *Maryland v. Universal Elections*, 787 F.Supp.2d 408, 415-16 (D.Md. 2011) ("*Universal Elections*"); *Baltimore-Washington Tel Co. v. Hot Leads Co.*, 584 F.Supp.2d 736, 745 (D.Md. 2008); *Covington & Burling v. Int'l Mktg. & Research, Inc.*, 2003 WL 21384825, at *6 (D.C.Super Apr. 17, 2003); *Chapman v. Wagener Equities, Inc.* 2014 WL 540250, at *16-17 (N.D.Ill. Feb. 11, 2014); *Versteeg v. Bennett, Deloney & Noyes, P.C.*, 775 F.Supp.2d 1316, 1321 (D.Wy.2011) ("*Versteeg*"). Upon learning of the identities of said individuals, Plaintiff will move to amend to name the individuals as defendants.

9.     Plaintiff is informed and believes and thereon alleges that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was the owner, agent, servant, joint venturer and employee, each of the other and each was acting within the course and scope of its ownership, agency, service, joint venture and employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes and thereon alleges that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

10.     At all times mentioned herein, each and every Defendant was the successor of the other and each assumes the responsibility for each other's acts and omissions.

///

///

///

///

## **TELEPHONE CONSUMER PROTECTION ACT**

11.    Congress enacted the TCPA in 1991 to address certain practices thought to be an invasion of consumer privacy and a risk to public safety. The TCPA and the Federal Communications Commission's ("FCC") implemented rules prohibit: (1) making telemarketing calls using an artificial or prerecorded voice to residential telephones without prior express consent; and (2) making any non-emergency call using an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice to a wireless telephone number without prior express consent. If the call includes or introduces an advertisement, or constitutes telemarketing, consent must be in writing.[1] Calls that include non-marketing messages require consent, but not written consent. The TCPA grants consumers a private right of action, with a provision for $500 or the actual monetary loss in damages for each violation, whichever is greater, and treble damages for each willful or knowing violation, as well as injunctive relief.

12.    Since the TCPA's passage in 1991, the FCC has taken multiple actions implementing and interpreting the TCPA, and has issued numerous Declaratory Rulings clarifying specific aspects of the TCPA. The most recent, FCC Omnibus Order of July 10, 2015, (the "Order") provided further protection to consumers by, among other things, clarifying that ATDS is broadly defined, confirming liability attaches to calls made to the wrong number or reassigned number, and clarifying consumers may revoke consent through reasonable methods. *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, FCC 15–72, 30 F.C.C.R. 7961, (July 10, 2015), available at https://www.fcc.gov/document/tcpa-omnibus-declaratory-ruling-and-

---

[1] Prior express written consent means "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered. 47 C.F.R. § 64.1200(f)(8).

order. The Order defines an "autodialer" as equipment/software that has the future capacity to dial randomly or sequentially. "In other words, the capacity of an autodialer is not limited to its current configuration but also includes its potential functionalities." The Order clarifies the meaning of "capacity" and that "any call" made using a device with the capacity to serve as an ATDS requires consent under the TCPA, even if the caller is not "actually…using those functionalities to place calls" at the time. *Derby v. AOL, Inc.*, No. 5:15-CV-00452-RMW, 2015 WL 5316403, at *3 (N.D. Cal. Sept. 11, 2015).

13.     The Order also states that calls placed to the wrong number or a reassigned number are made with knowledge of the error after the first call; and consumers may revoke consent through any reasonable method, including orally: "[w]e clarify, however, that callers who make calls without knowledge of reassignment and with a reasonable basis to believe that they have valid consent to make the call should be able to initiate one call after reassignment as an additional opportunity to gain actual or constructive knowledge of the reassignment and cease future calls to the new subscriber.  If this one additional call does not yield actual knowledge of reassignment, we deem the caller to have constructive knowledge of such;" "[c]onsumers generally may revoke, for example, by way of a consumer-initiated call, directly in response to a call initiated or made by a caller, or at an in-store bill payment location, among other possibilities."

14.     Furthermore, the TCPA established the National Do-Not-Call List, and also mandates all businesses that place calls for marketing purposes maintain an "internal" do-not-call list ("IDNC"). See 47 C.F.R. § 64.1200(d). The IDNC is "a list of persons who request not to receive telemarketing calls made by or on behalf of that [seller]." *Id*. The TCPA prohibits a company from calling individuals on its IDNC list or on the IDNC list of a seller on whose behalf the telemarketer calls, even if those individuals' phone numbers are not on the

National Do-Not-Call Registry. *Id.* at § 64.1200(d)(3), (6). Any company, or someone on the company's behalf, who calls a member of the company's IDNC is liable to that person under the TCPA. The called party is then entitled to bring a private action under the TCPA for monetary and injunctive relief.

15.    Accordingly, the entity can be liable under the TCPA for a call made and/or message sent on its behalf, even if the entity did not directly place the call. Under those circumstances, the entity is deemed to have initiated the call through the person or entity.

## FACTUAL ALLEGATIONS

16.    In or around late March 2016, around 6:00 p.m. Pacific Time, Defendants sent a text message (hereinafter, "Subject Message") to Plaintiff on his cellular telephone at (714) 328 - ****, in an attempt to market Defendants' services. The original message came from what is believed to be an internet generated spoof number starting with the area code prefix (323). Defendant is known to use the number (323) 629-4379.

17.    Defendants used an "automated telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), to send the Subject Message(s) to Plaintiff's cell phone.

18.    Plaintiff is informed and believes that the equipment used by Defendants to send the Subject Message has the capacity to: 1) store or produce numbers to be called using a random or sequential number generator; and 2) to dial those numbers. Such capacity is evidenced by the fact that: 1) the Subject Message appears to be scripted and generic; and 2) the Subject Message indicates that it was sent through the use of some type of autodialing system by explicitly referencing "autodialed offers & texts".

19.    Defendants' message(s) and call(s) constituted contact that was not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

20.    Defendants' message(s) and call(s) were sent and placed to a

telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls and/or messages, pursuant to 47 U.S.C. § 227(b)(1).

21.    Defendant never received Plaintiff's "prior express consent" to receive text messages from Defendants via the use of an automated dialing system on his cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

22.    Plaintiff subsequently received phone call(s) from Defendants, during which Plaintiff had a reasonable expectation that the conversations occurring therein were not being recorded or otherwise overheard.

23.    Defendants intentionally recorded their calls with Plaintiff through the use of an electronic device, without having first obtaining Plaintiff's consent to be recorded, or otherwise notifying Plaintiff that the call was being recorded, in violation of Cal. *Penal Code* §§ 632, *et seq*.

## CLASS ALLEGATIONS

24.    Plaintiff brings this action pursuant to Rule 23 of the Federal Rules of Civil Procedure and/or other applicable law, on behalf of himself and all others similarly situated, as a member of the two (2) proposed classes (hereinafter, "TCPA Text Class" and "632 Class", respectively) which are defined as follows:

## I.    TCPA TEXT CLASS

All persons within the United States who received any text message(s) from Defendants on said person's cellular telephone made through the use of any automatic telephone dialing system, when such person had not previously provided express consent to receive such messages within the four years prior to the filing of this Complaint.

25.    Plaintiff represents, and is a member of the TCPA Text Class, consisting of all persons within the United States who received any text

message(s) from Defendants on said person's cellular telephone made through the use of any automatic telephone dialing system, when such person had not previously provided express consent to receive such messages within the four years prior to the filing of this Complaint.

**II.      632 CLASS**

> All persons within the United States who were a party to a phone call with Defendants, and were recorded by Defendants without having first provided Defendants with their consent to Defendants to be recorded, within one (1) year prior to the filing of this Complaint.

26.     Plaintiff represents, and is a member of the 632 Class, consisting of all persons within the United States who were a party to a phone call with Defendants, and were recorded by Defendants without having first provided Defendants with their consent to Defendants to be recorded, within one (1) year prior to the filing of this Complaint.

27.     Excluded from the each of the proposed Classes are governmental entities, Defendants, any entity in which Defendants have a controlling interest, and Defendants' officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns. Also excluded from the Class are any judges, justices or judicial officers presiding over this matter and the members of their immediate families and judicial staff.

28.     This action is properly maintainable as a class action. This action satisfies the numerosity, typicality, adequacy, predominance and superiority requirements for a class action.

29.     **Numerosity**:  The proposed Classes are so numerous that individual joinder of all members is impracticable. Due to the nature of the trade and commerce involved, Plaintiff does not know the number of members in the two Classes, but believes the Class members number in the thousands, if not more. Plaintiff alleges that both the TCPA Text Class and the 632 Class may be

KRISTENSEN
WEISBERG LLP
Attorneys for Plaintiffs
KW

ascertained by the records maintained by Defendants.

30.     Plaintiff and members of the TCPA Text Class were harmed by the acts of Defendant(s) in at least the following ways: Defendants illegally contacted Plaintiff and TCPA Text Class members via their cellular telephones, thereby causing Plaintiff and Class members, without their "prior express consent," to incur certain messaging charges and/or reduced cellular data for which Plaintiff and Class members had previously paid by having to retrieve or administer message(s) sent by Defendants, thereby invading the privacy of said Plaintiff and TCPA Text Class members.

31.     Plaintiff and members of the 632 Class were harmed by the acts of Defendant(s) in at least the following ways: Defendants illegally recorded phone calls with Plaintiff and 632 Class members without having first obtained their consent to be recorded, and/or otherwise notifying them that the call was being recorded, thereby invading the privacy of said Plaintiff and 632 Class members.

32.     **Common Questions of Law and Fact Predominate**: There are only a few legal and factual issues to determine if there is liability under the TCPA and Cal. *Penal Code* § 632 for the respective Classes; and for each of those questions of law and fact, common issues to the Classes predominate over any questions that may affect individual Class members, in that the claims of all members of each of the two (2) proposed Classes for each of the claims herein can be established with common proof.

**(i)**.   **TCPA TEXT CLASS**

For the TCPA Text Class, common questions of fact and law include, but are not limited to, the following:

(a)     Whether Defendants, through the use of any automated dialing system, sent any text message(s) (other than those sent for emergency purposes, or sent with the prior express consent of the recipient) to a TCPA Text Class member to any telephone

number assigned to a cellular telephone service within the four years prior to the filing of this Complaint;

(b)     Whether Plaintiff and the TCPA Text Class members were damaged thereby, and the extent of the statutory damages for each such violation;  and

(c)     Whether the Defendants should be enjoined from engaging in such conduct in the future.

**(ii).   632 CLASS**

For the 632 Class, common questions of fact and law include, but are not limited to, the following:

(a)     Whether Defendants, through the use of any recording equipment, recorded any telephone conversations with any member of the 632 Class, without having first obtained that Class member's consent to be recorded, and/or without otherwise notifying that Class member that the call was being recorded, within the one (1) year prior to the filing of this Complaint;

(b)     Whether Plaintiff and the 632 Class members were damaged thereby, and the extent of the statutory damages for each such violation; and

(c)     Whether the Defendants should be enjoined from engaging in such conduct in the future.

33.     **Typicality**: Plaintiff's claims are typical of the claims of members of each of the proposed Classes, as Plaintiff was subject to the same common course of conduct by Defendant(s) as all members of both the TCPA Text Class and the 632 Class. The injuries to each member of the Classes were caused directly by Defendants' wrongful conduct as alleged herein.

34.     **Adequacy of Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has retained counsel with

substantial experience in handling complex class action litigation. Plaintiff and his counsel are committed to prosecuting this action vigorously on behalf of the Class and have financial resources to do so.

35. **Superiority of Class Action**: A class action is superior to other available methods for the fair and efficient adjudication of the present controversy. Class members have little interest in individually controlling the prosecution of separate actions because the individual damage claims of each Class member are not substantial enough to warrant individual filings. In sum, for many, if not most, Class members, a class action is the only feasible mechanism that will allow them an opportunity for legal redress and justice. Plaintiff is unaware of any litigation concerning the present controversy already commenced by members of the Class. The conduct of this action as a class action in this forum, with respect to some or all of the issues presented herein, presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

36. Moreover, individualized litigation would also present the potential for varying, inconsistent, or incompatible standards of conduct for Defendants, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. The adjudication of individual Class members' claims would also, as a practical matter, be dispositive of the interests of other members not parties to the adjudication, and could substantially impair or impede the ability of other Class members to protect their interests.

37. Plaintiff and the members of the Class have suffered and will continue to suffer harm as a result of Defendant(s)' unlawful and wrongful conduct. Defendant(s) have acted, or refused to act, in respects generally applicable to the Class, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

# FIRST CAUSE OF ACTION

## (VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. *ET SEQ.*)

### (By Plaintiff, individually and on behalf of all members of the TCPA Text Class, Against All Defendants)

38.   Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

39.   The foregoing acts and omission of Defendants constitute numerous and multiple violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. §§ 227, *et seq*.

40.   As a result of Defendants' violations of 47 U.S.C. § 227, *et seq*., Plaintiff and the TCPA Text Class members are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

41.   Plaintiff and the TCPA Text Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

# SECOND CAUSE OF ACTION

## (KNOWING AND/OR WILLFUL VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. *ET SEQ.*)

### (By Plaintiff, individually and on behalf of all members of the TCPA Text Class, Against All Defendants)

42.   Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

43.   The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C.

§§ 227, *et seq*.

44.     As a result of Defendants' violations of 47 U.S.C. §§ 227, *et seq*., Plaintiff and the TCPA Text Class members are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

45.     Plaintiff and the TCPA Text Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## THIRD CAUSE OF ACTION

### (RECORDING OF CONFIDENTIAL INFORMATION, CAL. *PENAL CODE* §§ 632, *ET SEQ.*)

### (By Plaintiff, individually and on behalf of all members of the 632 Class, Against All Defendants)

46.     Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

47.     Defendants, through the use of an electronic device, intentionally recorded telephone conversations with 632 Class members, including Plaintiff.

48.     The 632 Class members, including Plaintiff, had a reasonable expectation that the call(s) were not being recorded or otherwise overheard.

49.     Defendants failed to provide notice that call(s) were being recorded, and/or otherwise failed to obtain consent to be recorded from the 632 Class members, including Plaintiff.

50.     Plaintiff and the 632 Class Members have been and continue to be harmed by the illegal recording of confidential information, including but not limited to having their fundamental right to privacy invaded.

51.     Defendants' conduct was a substantial factor in causing the above-alleged harm to the 632 Class members, including Plaintiff.

52.     As a result of Defendants' violations of Cal. *Penal Code* § 632,

1   Plaintiff and the 632 Class members are entitled to an award of $2,500.00 in

2   statutory damages, for each and every violation, pursuant to Cal. *Penal Code* §

3   632.

4       53.    Plaintiff and the 632 Class members are also entitled to and seek

5   injunctive relief prohibiting such conduct in the future.

6                              **PRAYER FOR RELIEF**

7       WHEREFORE, Plaintiff, individually and on behalf of the Class, prays for

8   relief and judgment as follows:

9       1.     An order certifying this action as a class action and appointing

10  Plaintiff and his counsel to represent both the TCPA Text Class and the 632

11  Class;

12      2.     For the first cause of action:

13          • Plaintiff and TCPA Text Class members are entitled to and

14            request $500.00 in statutory damages, for each and every

15            violation, pursuant to 47 U.S.C. § 227, *et seq.*;

16          • Preliminary and permanent injunctive relief enjoining

17            Defendant(s), their agents, servants and employees, and all

18            persons acting in concert with them, from engaging in, and

19            continuing to engage in, the unlawful calls made with automated

20            dialing systems to cellular phones without prior express consent;

21          • Attorneys' fees, costs and any and all other relief that the Court

22            deems just and proper.

23      3.     For the second cause of action:

24          • Plaintiff and TCPA Text Class members are entitled to and

25            request $1,500.00 in statutory damages, for each and every

26            violation , pursuant to 47 U.S.C. § 227, *et seq.*;

27          • Preliminary and permanent injunctive relief enjoining

28            Defendant(s), their agents, servants and employees, and all

persons acting in concert with them, from engaging in, and continuing to engage in, the unlawful calls made with automated dialing systems to cellular phones without prior express consent;

- Attorneys' fees, costs and any and all other relief that the Court deems just and proper.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

4.      For the third cause of action:

- Plaintiff and 632 Class members are entitled to and request $2,500.00 in statutory damages, for each and every violation , pursuant to Cal. *Penal Code* §§ 632, *et seq.*;

- Preliminary and permanent injunctive relief enjoining Defendant(s), their agents, servants and employees, and all persons acting in concert with them, from engaging in, and continuing to engage in, the unlawful recording of calls with individuals without having first obtained the consent of each individual to be recorded;

- Attorneys' fees, costs and any and all other relief that the Court deems just and proper.

Dated:  March 2, 2017                    Respectfully submitted,

By:  */s/ John P. Kristensen*

John P. Kristensen (SBN 224132)
David L. Weisberg (SBN 211675)
Christina M. Le (SBN 237697)
**KRISTENSEN WEISBERG, LLP**
12540 Beatrice Street, Suite 200
Los Angeles, California 90066
Telephone:  (310) 507-7924
Fax:  (310) 507-7906
*john@kristensenlaw.com*
*david@kristensenlaw.com*
*christina@kristensenlaw.com*

**Attorneys for Plaintiff**

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury for all such triable claims.

Dated:  March 2, 2017                    Respectfully submitted,

                                By:   */s/ John P. Kristensen*
                                _____

                                John P. Kristensen (SBN 224132)
                                David L. Weisberg (SBN 211675)
                                Christina M. Le (SBN 237697)
                                **KRISTENSEN WEISBERG, LLP**
                                12540 Beatrice Street, Suite 200
                                Los Angeles, California 90066
                                Telephone:  (310) 507-7924
                                Fax:  (310) 507-7906
                                *john@kristensenlaw.com*
                                *david@kristensenlaw.com*
                                *christina@kristensenlaw.com*

                                **Attorneys for Plaintiff**